UNITED SATTES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHELLE DIMANCHE,                           )
                                             )
          Plaintiff,                         )
                                             )
-v-                                          )
                                             )
MASSACHUSETTS BAY TRANSPORTATION             )
AUTHORITY, TAMIEKA THIBODEAU, DEBBIE         )
GEISE, TRACY FLYNN and RICKY JOHNSON,        )
                                             )
          Defendants.                        )

I.     Parties

1.     The plaintiff, Michelle Dimanche, is a resident of Massachusetts, is a black woman of Haitian descent and has been employed by the Massachusetts Bay Transportation Authority since 2000.

2,     The defendant, the Massachusetts Bay Transportation Authority, is a public authority operating under the laws of the Commonwealth of Massachusetts and is a division of the Massachusetts Department of Transportation.

3.     The defendant, Tamieka Thibodeaux, was at all material times and employee of the MBTA an agent of said organization.

4.     Debbie Geis was at all material times employee of the MBTA and an agent said organization.

5.     Tracy Flynn wasn't all material times and employee of the MBTA, and an agent said organization.

6.     Ricky Johnson was at all material times employee of the MBTA and an agent said organization.

II.    Jurisdiction

7.     The jurisdiction of this court is involved under title seven of the Civil Rights Act of 1964, 42 USC §2000 et seq. which prohibits covered employers from discriminating and retaliating against any employee or applicant for employment regarding any condition of employment on the basis of race, color, sex, religion or national origin.

III.     Facts

8.     On or about September 2011, the MBTA hired new management personnel at the Green Line, the area to which the plaintiff was assigned.

9.     Specifically, William McClellan was hired as the Director of the Light Rail Operations.

10.     McClellan had been the subject of numerous complaints of discrimination filed by the Plaintiff internally as well as at the Massachusetts Commission Against Discrimination.

11.     In said Complaints, the plaintiff has alleged that she had been subject to race discrimination and retaliation by Mr. McClellan.

12.     McClellan had been specifically mentioned in an MCAD case (10-BEM-02216) that the plaintiff had filed with the Massachusetts Commission Against Discrimination.

13.     The MBTA, at the same time, hired Tamieka Thibodeaux as the superintendent of the light rail operations for the Green Line.

14.     Prior to her appointment as Superintendent of Light Rail Operations for the Green Line, Thibodeaux had threatened the Plaintiffs employment with the MBTA warning her that she would not last another year one she became the Plaintiff's supervisor.

15.     Shortly after Thibodeau became the Plaintiff's Supervisor, while the Plaintiff was at the Boston College stop of the Green Line Thibodeau approach the Plaintiff and stated that she did not like foreign people, and that the plaintiff talked too loudly, and that is why she got in trouble.

16.     The plaintiff alleges that to Thibodeau treated her differently than other employees on the green line, specifically, Thibodeau would yell at her which is a violation of MBTA rules.

17.     On or about October 28, 2011, while the Plaintiff was at North Station,  Thibodeau requested that the Plaintiff provide her with information regarding an MBTA case the plaintiff had filed against the MBTA and suggested that the plaintiff should leave her employment with the MBTA.

18.     The plaintiff alleges that Thibodeau repeatedly assigned her two locations that had no heat, were cold, and locations that other employees had no desire to work at.

19.     On or about November 7, 2011, Thibodeau told the plaintiff that she knew she had a family, that she was being a troublemaker all the time and that she would not tolerate any of the plaintiffs nonsense in her kingdom.

20.     Plaintiff believes and therefore verse that Thibodeau was specifically targeting her in retaliation for having for having filed in MCAD Complaint against the MBTA.

21.     On or about December 10, 2011 the plaintiff was called and asked to report at 7 o'clock on that evening for overtime work. When the plaintiff arrived she was told by Inspector Cheryl Anderson that she should have arrived on December 11 and not the 10th and that the Plaintiff was a "dumb ass."

22.     On her about December 21, 2011, the plaintiff asked to speak to Timpano because of problems with her paycheck. Thibodeau yelled at the plaintiff and advised her to go see someone else.

23.     On or about December 22, 2011, Thibodeau demanded that the plaintiff write a statement stating that the plaintiff would be willing to transfer to any department at any time. The plaintiff refused this request.

24.     On or about December 28, 2011 and MBTA supervisor, Fred Olsen, called the plaintiff on her day off and asked her to write up a statement regarding the incident between herself and Anderson that had occurred on December 10, 2011.

25.     During the same conversation, Olsen told the plaintiff that there was an allegation that she left the passenger on a platform while operating in MBTA train. The plaintiff denied that the incident had ever happened.

26.     On or about December 29, 2011, the plaintiff filed an MCAD Complaint of Retaliation and Harassment against the MBTA.

27.     On or about January 3, 2012, the plaintiff was informed that Chief Inspector, John Corby,  alleged that she had failed to follow specific directions he had given her while she was operating MBTA trolley.  This failure would ave constituted a serios violation of MBTA policies.

28.     After investigation, Corby conceded that he had made a mistake and that directions that he had allegedly given to the plaintiff had in fact never been provided to her.

29.     During the period of time from January 2010 through January 2011, the plaintiff and her doctor informed the MBTA that she was suffering from depression and anxiety which the doctor stated was a direct result of a hostile work environment she was forced to endure while working on the Green Line

30.     As a reasonable accommodation, the plaintiff repeatedly requested that she be transferred from the green line to another location.

31.     At no time did the MBTA take any action in regards to this request for reasonable accommodation.

32.     On or about March 1, 2013, the Plaintiff was terminated from her position with the MBTA.

## COUNT I
### (Racial Discrimination in Violation of 42 U.S.C. §1981)

33.     The Plaintiff incorporates the allegations of paragraphs 1 through 32 of the Complaint.

34.     Said allegations constitute acts of racial discrimination in violation of 42 U.S.C. §1981.

WHEREFORE, the Plaintiff demands:

A       That the Plaintiff be reinstated to her former position with the Defendant and that she be awarded full back and front pay.

B.      That damages be assessed against the Defendant for emotional stress suffered as a result of the wrongful termination from the Complainant's employment.

C.      That the Defendants be ordered to pay the Plaintiff all reasonable attorneys' fees plus costs of this action.

D,      That this Honorable Court order other such relief as is deem just and proper.

## COUNT II
### (Racial Discrimination in Violation of M.G.L. C. 151B §4)

35.     The Plaintiff incorporates the allegations of paragraphs 1 through 34 of the Complaint.

36.     Said allegations constitute acts of racial discrimination in violation of M.G.L. 151B §4.

WHEREFORE, the Plaintiff demands:

A       That the Plaintiff be reinstated to her former position with the Defendant and that she be awarded full back and front pay.

D.      That damages be assessed against the Defendant for emotional stress suffered as a result of the wrongful termination from the Complainant's employment.

E.      That the Defendants be ordered to pay the Plaintiff all reasonable attorneys' fees plus costs of this action.

D,      That this Honorable Court order other such relief as is deem just and proper.

COUNT III
(Retaliation)

37. The Plaintiff incorporates the allegations of paragraphs 1 through 35 of the Complaint.

38. Said allegations constitute acts of racial discrimination in violation of M.G.L. 151B §4.

WHEREFORE, the Plaintiff demands:

A     That the Plaintiff be reinstated to her former position with the Defendant and that she be awarded full back and front pay.

F.    That damages be assessed against the Defendant for emotional stress suffered as a result of the wrongful termination from the Complainant's employment.

G.    That the Defendants be ordered to pay the Plaintiff all reasonable attorneys' fees plus costs of this action.

D,    That this Honorable Court order other such relief as is deem just and proper.


Respectfully Submitted by Michelle Demanche

Law Offices of James R. Tewhey

*James r. Tewhey/es*
BBO 634810
70 Washington Street, Suite 405
Salem, MA  01970
978-741-5200
jrtewhey@icloud.com